# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

NADIA GE,

    Plaintiff,

v.

CASE NO:
HONORABLE:

CITY OF KALAMAZOO, TIMOTHY LOSO, AMIR KHILLAH, and KRISTIN COLE, in their individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES <br> CHRISTOPHER J. TRAINOR (P42449) <br> AMY J. DEROUIN (P70514) <br> Attorneys for Plaintiff <br> 9750 Highland Road <br> White Lake, MI 48386 <br> (248) 886-8650 <br> amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **NADIA GE**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

1

1. Plaintiff is currently a resident of the City of Kalamazoo, County of Kalamazoo, State of Michigan.

2. Defendant City of Kalamazoo is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendants Timothy Loso, Amir Khillah and Kristin Cole are and/or were police officers working and/or assigned to the City of Kalamazoo Police Department and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4. All events giving rise to this lawsuit occurred in the City of Kalamazoo, County of Kalamazoo, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.  Plaintiff also has viable state law claims.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. That on May 29, 2016, Plaintiff and her husband Emmanuel Taylor were at their apartment located at 750 Liberty Street, Kalamazoo, Michigan 49008.

10. Defendant Timothy Loso arrived at the apartment complex.

11. Plaintiff was not completely dressed and attempted to close the apartment door.

12. Defendant Timothy Loso put his foot and baton in the way, blocking Plaintiff from closing the door.

13. Defendant Timothy Loso forced his way into the apartment while Plaintiff was still undressed.

14. Defendant Amir Khillah arrived at the apartment complex.

15. Defendant Timothy Loso pushed Plaintiff to the ground, hit her with his baton, and put his knee to her throat, choking her.

16. Defendant Timothy Loso then forced Plaintiff's arms behind her back and handcuffed her.

17. Plaintiff was arrested for domestic violence and resisting and obstructing an officer.

18. Plaintiff was taken to Kalamazoo County Jail and released on May 30, 2016.

19. Plaintiff was only charged with resisting and obstructing an officer.

20. It was determined that there was insufficient proof for a domestic violence charge.

21. Plaintiff's charge of resisting and obstructing an officer was dismissed without prejudice.

22. As a result of Defendants' unlawful and excessive actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983—FALSE ARREST/IMPRISONMENT

23. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

24. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

25. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights when they falsely arrested and falsely detained Plaintiff without probable cause.

26. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiffs' Fourth Amendment rights when they arrested and caused to have charges brought against Plaintiff without first completing a full investigation.

27. Defendants acted unreasonably and failed in their duties when they falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

28. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

29. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of her constitutional rights.

30. Due to Defendants' actions and/or inactions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and

punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

### COUNT II
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 EXCESSIVE FORCE

31. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

32. At all relevant times herein, the individual Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

33. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when he employed unnecessary and excessive force which resulted in significant injuries to Plaintiff.

34. The actions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

35. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

36. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

   **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT III
## CITY OF KALAMAZOO CONSTITUTIONAL VIOLATIONS

37. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

38. Defendant City of Kalamazoo acted recklessly and/or with deliberate

indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

39. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

    c. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    d. Failing to supervise, review, and/or discipline police officers whom Defendant City of Kalamazoo knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

40. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

41. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

42. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated:  April 27, 2018
CJT/lvp

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

NADIA GE,

    Plaintiff,

v.                                                            CASE NO:
                                                   HONORABLE:

CITY OF KALAMAZOO, TIMOTHY LOSO,
AMIR KHILLAH, and KRISTIN COLE,
in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

## **DEMAND FOR TRIAL BY JURY**

1

**NOW COMES** Plaintiff, **NADIA GE**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

                        Respectfully Submitted,
                        CHRISTOPHER TRAINOR & ASSOCIATES

                        **s/ Christopher J. Trainor**
                        CHRISTOPHER J. TRAINOR (P42449)
                        AMY J. DEROUIN (P70514)
                        Attorneys for Plaintiff
                        9750 Highland Road
                        White Lake, MI  48386
                        (248) 886-8650
                        amy.derouin@cjtrainor.com

Dated:  April 27, 2018
CJT/lvp